UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRA NOVA TRADING INC.,<br><br>Petitioner,<br><br>v.<br><br>CASHEW INDUSTRIES WEST AFRICA,<br><br>Respondent. | Civil Action No. 24-543 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court on Petitioner Terra Nova Trading Inc.'s ("Terra Nova") Petition to Confirm Arbitration Award ("Petition") against Respondent Cashew Industries West Africa ("CIWA"). (ECF No. 1-1.) CIWA has not appeared in this action. Upon consideration, and for the reasons set forth herein, the Petition is granted. Accordingly, the arbitration award is confirmed.

**I.    BACKGROUND**

This action arises from a series of commodity contracts entered into between Terra Nova and CIWA. (Petition ¶ 7, ECF No. 1-1.) Specifically, Terra Nova agreed to purchase, and CIWA or Agriculture Ivoirienne SA ("AISA"), a wholly owned subsidiary of CIWA, agreed to supply certain quantities of Ivory Coast origin cashew nut kernels. (*Id.*) Amberwood Trading Ltd. ("Amberwood")—a corporation with a principal place of business at "36 Hope Street, Douglas, Isle of Man 1 M1 1AR, British Isles"—was the broker involved in the parties' transactions. (*Id.*)

The commodity contracts contain an arbitration clause that designates the Association of Food Industries, Inc. (the "AFI") as the arbitral forum:

> Any controversy or claim arising out of or relating to this contract shall be settled by arbitration in New York, NY, USA by the [AFI] in accordance with its rules, and judgment may be entered upon the award.

(*See* Purchase Contracts, annexed to Petition as Exhibits A and B, ECF No. 1-2.) The arbitration clause also establishes certain processes for receiving notice of the arbitration proceedings:

> Each party to this contract consents that any papers, notices or process necessary or proper for the institution or continuation of any arbitration proceeding or *for the confirmation of an award* and entry of judgement [sic] may be served upon such party (1) by registered or certified mail addressed to such party's last known address; or (2) by personal service; or (3) where a party to controversy is not located in the United States, by certified mail or personal service upon his Agent or Broker through whom this contract is made.

(*Id.* (emphasis added).)

After CIWA failed to ship the specified cashew products to Terra Nova during the contractual period, Terra Nova commenced arbitration proceedings with the AFI.[1] (*See* Arbitration Award, annexed to Petition as Ex. G.) AFI arbitrators Suzanne Chamberland, David Cottam, and Marc Rosenblatt (the "Arbitrators") found in favor of Terra Nova and entered an award in the sum of $297,421.00 ("Arbitration Award") against CIWA. (Pet. ¶¶ 12-13.) No portion of the Arbitration Award has been paid by CIWA to date. (*Id.* ¶ 13.)

In January 2024, Terra Nova timely filed the instant Petition to confirm the Arbitration Award pursuant to the Federal Arbitration Act ("FAA"). (*See* Pet.) *See also* 9 U.S.C. § 9 (providing a one-year period to file a petition to confirm an arbitration award). CIWA has not answered, responded, or otherwise appeared in this action. As such, the three-month period to which CIWA could have moved to vacate, modify, or correct the Arbitration Award has expired. *See* 9 U.S.C. §

---

[1] The AFI is located in Neptune, New Jersey. (Petition, Ex. G.) It is unclear whether CIWA attended or participated in the arbitration with the AFI.

12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."); *Silicon Power Corp. v. GE Zenith Controls, Inc.*, No. 08-4331, 2009 WL 1971390, at *2 (E.D. Pa. July 7, 2009) (noting that the time limitation in 9 U.S.C. § 12 is "strictly construed" and "a party may not raise a motion to vacate, modify or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm.") (citations omitted).

## II. LEGAL STANDARD

Section 9 of the FAA specifies that "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration" then the prevailing party may petition the court for confirmation of the award, "and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. Although the parties must agree that judgment shall be entered, "language that indicates the award will be final and binding implicitly permits federal court intervention to compel compliance." *Teamsters-Employer Loc. No. 945 Pension Fund v. Acme Sanitation Corp.*, 963 F. Supp. 340, 347 (D.N.J. Feb. 24, 1997).

It is well settled that district courts have little authority to upset arbitrators' awards. *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995). The FAA states that where the parties have agreed that judgment shall be entered pursuant to the decision of the arbitrator, the court must grant the order unless (1) "the award was procured by corruption, fraud, or undue means"; (2) there is "evident partiality or corruption" by the arbitrator; (3) the arbitrator was "guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy or any other misbehavior by which the rights of any party have been prejudiced"; or (4) the arbitrator exceeded

his powers or failed to reach a "mutual, final, and definite award." 9 U.S.C. § 10. Accordingly, a district court shall not vacate an arbitration award absent evidence that the arbitrator's decision was based on a manifest disregard of the law. *See Loc. 863 Int'l Bhd. of Teamsters v. Jersey Coast Egg Producers, Inc.*, 773 F.2d 530, 534 (3d Cir. 1985). The manifest disregard of the law doctrine is a "strict standard" in which "a reviewing court will decline to sustain an award only in the rarest case." *Newark Morning Ledger Co. v. Newark Typographical Union*, 797 F.2d 162, 165 (3d Cir. 1986) (citation omitted).

### III.   ANALYSIS

The Court begins, as it must, with its independent obligation to ensure that jurisdiction exists over this matter. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (stating that the Court "always has jurisdiction to determine its [own] jurisdiction." (citing *United States v. Ruiz*, 536 U.S. 622, 628 (2002))). "Although the [FAA], 9 U.S.C. § 1 *et seq.*, creates a body of Federal substantive law, it alone cannot confer subject matter jurisdiction upon a Federal court." *Teamsters*, 963 F. Supp. at 345 (citations omitted). As such, there must be an "independent basis for subject matter jurisdiction before a confirmation of an arbitration award is presented to the Federal courts, pursuant to the Federal Arbitration Act." *Id.*

Here, the Court is satisfied that subject matter jurisdiction exists under 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the Arbitration Award exceeds $75,000. (Pet. ¶ 3.) Terra Nova is incorporated under the laws of the State of California and has a principal place of business in California. (*Id.* ¶ 1.) CIWA is a corporation organized under the laws

of Cote d'Ivoire and with a principal place of business in Cote d'Ivoire. (*Id.* ¶ 1.) The Arbitration Award clearly exceeds $75,000. (Petition, Ex. G.)[2]

The closer question is whether personal jurisdiction exists over CIWA, the defaulting party. Section 9 of the FAA authorizes district courts to confirm arbitration awards as final judgments of the court and prescribes the requirements for service of process on an adverse party:

> Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in the same court. *If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.*

9 U.S.C. § 9 (emphasis added).

Courts in this district have followed either Federal Rule of Civil Procedure[3] 4 or 5 for serving arbitral awards on "nonresidents" under Section 9. *See NJ Bldg. Laborers Statewide Benefit Funds v. Thomas Fireproofing*, No. 06-1034, 2006 WL 1228726, at *2 (D.N.J. May 5, 2006) (finding that process was served in accordance with Section 9 where pursuant to Rule 5, "the record indicates that copies of the [p]etition were mailed to [defendant] by certified mail,

---

[2] The Court is satisfied that venue is proper given that the Arbitration Award was granted by the AFI, a corporation with a principal place of business in Neptune, New Jersey. (Petition ¶ 4.) *See* 9 U.S.C. § 9 (noting a party *may* apply "to the United States court in and for the district within which such award was made" for confirmation of the award (emphasis added)); *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195 (2000) (finding the venue provisions of the FAA are permissive, and that an arbitration award may be confirmed either in the district "where the award was made or in any district proper under the general venue statute."); *BP Auto Grp., LLC v. Reynolds and Reynolds Co.*, No. 18-12510, 2019 WL 3852701, at *2 (D.N.J. Aug. 16, 2019) (finding the FAA's venue provision to be permissive based on the use of the word "may" in 9 U.S.C. § 9).

[3] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

return receipt requested"); *but see Dobco, Inc. v. Mery Gates, Inc.*, No 06-699, 2006 WL 2056799, at *2 (D.N.J. July 21, 2006) (finding that Section 9's phrase "in like manner as other process of the court" refers to Rule 4 for the accomplishment of appropriate service of arbitral papers).

To be sure, the Court will consider whether service was properly effectuated under both Rule 4 and Rule 5. First, under Rule 5, "[a] paper is served . . . by . . . mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2). Here, Terra Nova has confirmed that it mailed the Petition papers to CIWA's last-known address by International Federal Express.[4] (*See* Certificate of Service, Ex. A, ECF No. 3.) Service under Rule 5, therefore, is satisfied.

As to service under Rule 4, the Court finds that service was properly effectuated upon CIWA pursuant to the terms of the parties' contractual agreement. The procedure for serving a corporation outside of the United States is provided in Rule 4(f) and (h). Rule 4(h) provides that, "[u]nless federal law provides otherwise or the defendant's waiver has been filed, . . . [a] foreign corporation . . . must be served . . . in a manner prescribed by Rule 4(f)[.]" Rule 4(f) provides that the corporation "may be served . . . by any internationally agreed means of service . . . such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (the "Hague Convention"),[5] (2) under certain circumstances, "by a method that is reasonably calculated to give notice" and is generally in compliance with the foreign country's

---

[4] Terra Nova represents that it used International Federal Express because there is no certified or registered mail to Cote d'Ivoire in West Africa. (*See* Terra Nova's Supp. Correspondence 2, ECF No. 4.) FedEx subsequently issued a "proof-of-delivery" receipt indicating that the Petition papers were delivered to the "[r]eceptionist/[f]ront [d]esk" at CIWA's address. (Certificate of Service, Ex. A.)

[5] Cote d'Ivoire is not a member of the Hague Convention. https://apostillelondon.com/hague-convention-countries/.

6

law, or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f). It is well established, however, that the procedures described in Rule 4 need not be followed where the parties agree to another form of service. *See Aviation Exch. Corp. v. Nightclub Mgmt. & Dev., LLC*, No. 08-533, 2009 WL 605397, at *2 (D. Del. Mar. 10, 2009) ("Conformity to Rule 4 is not required where the defendant agrees to an alternative method of service."); *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964) ("[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether.").

Here, Terra Nova and CIWA agreed to forms of service other than that which are designated under Rule 4. As stated, the Purchase Contracts contain an arbitration clause which, in relevant part, states that the parties consent to service of all arbitral papers, including "confirmation of an [arbitration award]" by certified or regular mail. (Purchase Contracts § 10.) Indeed, the contract explicitly states that the Petition could be served "(1) *by registered or certified mail addressed to such party's last known address*; or (2) by personal service; or (3) *where a party to controversy is not located in the United States, by certified mail or personal service upon his Agent or Broker through whom this contract is made*." (Petition ¶ 11 (emphases added).)

Terra Nova effected service under methods one and three. Under the first method, Terra Nova confirms that it served the Petition on CIWA's last-known address via International Federal Express mail and that mail was delivered on February 7, 2024. (Certificate of Service, Ex. A.) And pursuant to the third method, Terra Nova served the Petition on Amberwood via certified mail as the broker for the transaction who is designated in the Purchase Contracts to accept service on

7

CIWA's behalf.[6] (*Id.*) This evidence, along with the fact that no party contests having received the Petition documents, is sufficient to show that service was successful.

Accordingly, the Court concludes that Terra Nova has presented adequate proof that service has been duly executed in accordance with the Purchase Contracts. In sum, the Court is satisfied that CIWA was properly served with process in accordance with Section 9 of the FAA.

Last, the Court finds that AFI's Arbitration Award was duly entered. The Arbitrators' written opinion reflects consideration of the evidence presented and a logical conclusion that CIWA defaulted on the contracts with Terra Nova by failing to ship the specified cashew products during the contractual period. (Petition, Ex. G.) CIWA has not moved to vacate, modify, or correct the Arbitration Award within the designated three-month period. Thus, the general policy upholding arbitration decisions supports confirming the award issued here.

Because the Court finds the Arbitrators' decision is supported by the record, the Court will confirm the Arbitration Award and enter judgment in favor of Terra Nova.

**IT IS** on this 30th day of April 2024, **ORDERED** as follows:

1. Terra Nova's Petition to Confirm Arbitration Award against CIWA is **GRANTED**. The Arbitration Award in the amount of $297,421.00 is **CONFIRMED**.

2. The Court further **GRANTS** Terra Nova pre- and post-judgment interest. Terra Nova shall submit a Proposed Judgment, including applicable rates of interest, no later than **fourteen (14) days** from the date of this Memorandum Order.

3. The Court reserves its decision on Terra Nova's request for attorney's fees and costs. Terra Nova has not specified the amount of fees sought. Terra Nova must submit an appropriate motion for **reasonable attorney's fees and costs** sought in connection to this application no later than **fourteen (14) days** from the date of this Memorandum Order. The motion for fees is **REFERRED** to Hon. Tonianne J. Bongiovanni, U.S.M.J., for appropriate disposition.

---

[6] Terra Nova subsequently e-filed a printout from the USPS website indicating that the Petition was delivered to Amberwood on February 21, 2024. (*See* Supp. Decl. of Peter J. Pizzi, Esq., Ex. D, ECF No. 6-1.)

4. Terra Nova must serve a copy of this Memorandum Order upon CIWA by May 10, 2024, and e-file proof of service by May 17, 2024.

_____

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**